UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: Chapter 13

CAROL FITZSIMMONS, Case No. 07-70194-ast

Debtor.

-----------------------------------------------------------x

CAROL FITZSIMMONS,

Adv. Proc. No.: 09-8094-ast

Plaintiff,

-against-

AMERICAN HOME MORTGAGE SERVICING, INC., as successor in interest to OPTION ONE MORTGAGE CORPORATION as servicer for LASALLE BANK NATIONAL ASSOCIATION as trustee for STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2003-BC7,

Defendant.
-----------------------------------------------------------x

**APPEARANCES:**

Carol Fitzsimmons, Debtor pro se
36 Julia Circle
Brookhaven, New York 11733

Peter S. Partee, Esq.
Richard P. Norton, Esq.
Hunton & Williams, LLP
200 Park Avenue, 52nd Floor
New York, New York 10166

HON. ALAN S. TRUST, United States Bankruptcy Judge:

**MEMORANDUM OPINION GRANTING DEFENDANT SUMMARY JUDGMENT**

**Issues Before the Court and Summary of Decision**

Pending before the Court is the Defendant's unopposed Motion For Summary Judgment. [dkt item 9] The Plaintiff in this adversary proceeding is the Chapter 13 debtor, Carol Fitzsimmons ("Debtor"). The Defendant is American Home Mortgage Servicing, Inc. ("AHMSI" or "Defendant"). AHMSI holds the mortgage on real property owned by Debtor, located at 36 Julia Circle, Brookhaven, New York 11733 (the "Property"). All of the Debtor's claims in this adversary proceeding arise out of a prepetition note and mortgage executed by Debtor, which note and mortgage have been assigned from time to time.

In her Complaint, Debtor seeks the following relief: (i) on her First Cause of Action, for a declaratory judgment finding that the proof of claim filed by the AHMSI should be expunged in its entirety and further denying AHMSI relief from the automatic stay; (ii) on her Second Cause of Action, for a money judgment against AHMSI in an amount to be determined at trial; (iii) on her Third Cause of Action, for a money judgment against AMHSI in an amount to be determined at trial; and (iv) on her Fourth Cause of Action, for a money judgment against AHMSI in an amount to be determined at trial, together with costs and attorneys' fees. [dkt item 1] Each of these prayers for relief depends upon the merits of Debtor's claim against AHMSI. However, as explained at greater length herein, the Court cannot ascertain Debtor's claims against AMHSI, and Debtor has failed to controvert AMHSI's right to judgment as a matter of law. Therefore, this Court will grant summary judgment in favor of AMHSI.

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§

157(b)(2)(A), (G), and (K), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

## Procedural History

On January 19, 2007, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. [main case, dkt item 1] On June 2, 2008, this Court confirmed Debtor's Amended Chapter 13 Plan. [main case dkt item 121]

This adversary proceeding was commenced on March 5, 2009. On July 31, 2009, AHMSI filed a motion for summary judgment ("Motion"). [dkt item 9] AHMSI filed a Statement of Facts in support of its Motion, in accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 7056-1 of the Local Bankruptcy Rules of the Eastern District of New York. FED. R. BANKR. P. 7056; E.D.N.Y. LBR 7056-1. AHMSI also filed a Memorandum of Law in Support of its Motion, in accordance with Local Bankruptcy Rule 9013-1. E.D.N.Y. LBR 9013-1. [dkt items 10, 11 and 12] Debtor has failed to respond to the Motion.[1]

## Undisputed Facts

In accordance with Local Bankruptcy Rule 7056-1, the following factual allegations made by AHMSI are deemed to be admitted:[2]

> AHMSI is a residential mortgage servicer incorporated in the state of Delaware. (Decl. ¶ 5)
>
> AHMSI is the successor in interest to Option One with respect to

[1] At the time the Complaint was filed in this adversary proceeding, Debtor was represented by the Law Offices of Avrum J. Rosen, PLLC ("Counsel"). Pursuant to an Order entered after a hearing which Debtor attended, Counsel was allowed to withdraw as Debtor's attorney in the main case on July 16, 2009, and in the adversary on July 31, 2009. [main case dkt item 149] Thus, at the time of the filing of AHMSI's Motion, Debtor was no longer represented by counsel, but has had ample opportunity to respond.

[2] Citations are to the Declaration of Mirjeta Isufi [dkt item 12], and are hereinafter referred to as "Decl.¶ __."

various mortgage loans, including the mortgage against the Property at issue in this adversary proceeding. (Decl. ¶ 6)

On or about March 24, 2003, the Debtor executed and delivered to Option One an Adjustable Rate Note (the "Note") in the amount of $371,700.00 for the acquisition of the Property. (Decl. ¶ 7)

On or about March 24, 2003, as security for the repayment of the amount stated in the Note, the Debtor executed and delivered to Option One a mortgage (the "Mortgage") related to the Property. (Decl. ¶ 8)

The Mortgage was recorded in the Suffolk County Clerk's Office. (Decl. ¶ 8)

On or about March 24, 2003, Option One assigned and transferred the Mortgage to La Salle Bank National Association, as Trustee ("LaSalle") ("Assignment of Mortgage"). (Decl. ¶ 9)

Option One remained as servicer of the Mortgage on behalf of LaSalle until the spring of 2008. (Decl. ¶ 10)

AHMSI succeeded Option One as the servicer for the mortgage in the spring of 2008 by virtue of its acquisition of substantially all of the assets constituting the residential mortgage servicing business of Option One. (Decl. ¶ 11)

By virtue of the properly recorded Note and Mortgage, Structure Asset Investment Loan Trust Mortgage Pass Through Certificates, Series 2003-BC7 (the "Trust") holds a valid first priority mortgage against the Property. (Decl. ¶ 11)

AHMSI, as servicer, is entitled to act on behalf of the Trust in connection with the Property. (Decl. ¶ 11)

In December of 2005, the Debtor defaulted on her payments and failed to comply with the terms of the Note and the Mortgage. (Decl. ¶ 12)

LaSalle commenced a foreclosure action against the Property in Suffolk County on or about May 10, 2006, prior to the Debtor's bankruptcy filing. (Decl. ¶ 13)

On January 12, 2007, prior to the Debtor's bankruptcy filing, a

foreclosure sale was conducted and the Property was sold to LaSalle for the bid price of $444,618.08. (Decl. ¶ 14)

On January 19, 2007 (the "Petition Date"), the Debtor filed the instant bankruptcy case. (Decl. ¶ 15)

In or about March 2007, the Debtor filed an Order to Show Cause in the Supreme Court of New York, County of Suffolk, seeking to vacate the foreclosure, asserting defective service. (Decl. ¶ 16)

The Debtor testified at a hearing held in state court on her request to vacate the foreclosure sale that the Property was a rental property and that she never resided at that address. (Decl. ¶ 16)

On June 5, 2008, Justice Denise F. Molina of the Supreme Court of New York, County of Suffolk, issued an Order vacating and setting aside the judgment of foreclosure with respect to the Property (the "Order"). (Decl. ¶ 17)

On February 3, 2009, AHMSI, sought relief from the automatic stay and an order further allowing AHMSI's claim. (Decl. ¶ 18)

The Debtor opposed AHMSI's stay relief motion arguing that ownership of the Property needed to be addressed in the context of an adversary proceeding. (Decl. ¶ 19)

On May 4, 2009, Chicago Title Insurance Company provided AHMSI with a 10-year deed chain of the Property (the "Title Report"). (Decl. ¶ 22)

Pursuant to the Title Report, the Debtor has been in title to the Property since March 24, 2003, without interruption. (Decl. ¶ 22)

The Title Report shows that none of AHMSI, Option One or LaSalle have ever held title to the Property. (Decl. ¶ 23)

AHMSI has not prevented the Plaintiff from retaining possession or enjoying use of the Property. (Decl. ¶ 23)

The Plaintiff has remained in title and possession of the Property since March 24, 2003. (Decl. ¶ 23)

Debtor's mortgage payments are past due and owing for the months of December 2005 through and including July 2009. (Decl. ¶ 24)

> The total balance due on the Property, which includes missed payments, late charges, fees and escrow advances is approximately $569,733.06. (Decl. ¶ 24)
>
> Past due principal and interest payments in connection with the Property total $143,341.66. (Decl. ¶ 24)
>
> Late charges and other fees due total $2,951.37. (Decl. ¶ 24)
>
> Additionally, there is a negative escrow balance of $60,735.95 owed in connection with the Property. (Decl. ¶ 24)

[dkt item 12]

**Legal Analysis**
**The Standard for Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056(c), summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (quoting FED. R. CIV. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In reviewing a motion for summary judgment, a court must "construe the evidence in the light most favorable to the [nonmoving party], drawing all inferences and resolving all ambiguities in [that party's] favor." *Mathirampuzha v. Potter,* 548 F.3d 70, 72-73 (2d Cir. 2008) (internal citations and quotations omitted).

A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. An issue of

fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, it must present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (quotation omitted). "There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor." *Cadle Co. v. Newhouse*, No. 01 Civ. 1777(DC), 2002 WL 1888716 *4 (S.D.N.Y. 2002) (citing *Anderson*, 477 U.S. at 249); *see also Anderson*, 477 U.S. at 250 (finding that summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

## **Debtor's Assertions**

As previously noted, the legal theory Debtor asserts as her basis to seek relief in this adversary proceeding is difficult to ascertain. From a review of the Complaint, it appears that Debtor seeks to expunge AHMSI's proof of claim and to recover damages because AHMSI or LaSalle held a defective foreclosure sale, based on lack of proper notice in the underlying foreclosure action. Debtor appears to argue she was improperly divested of title to the Property, and that she "has never been restored to title or possession of" the Property. [Complaint, dkt item 1 ¶¶ 18 - 22]

However, AHMSI has demonstrated that Debtor was never divested of title to the Property. The Title Report makes clear the Debtor has never been divested of her title to the Property. Further, AHMSI has never deprived Debtor of possession of the

Property. There is no contrary evidence before the Court.

Debtor has not pleaded a claim that the failure to properly serve Debtor with the foreclosure action is itself actionable in tort or otherwise. Moreover, in Justice Molina's Order, it is clear that the judgment of foreclosure and the sale were set aside because Debtor demonstrated that she had not been properly served.

For this Court's purposes, Debtor has not pleaded a viable claim, and has certainly not provided either a factually or legally sufficient basis to preclude entry of summary judgment in favor of AHMSI. Therefore, summary judgment in favor of AHMSI should be granted.

## Conclusion

Summary judgment will be granted in favor of AHMSI on all of Debtor's claims. Counsel for AHMSI is directed to submit a judgment within ten (10) days of the entry hereof.

**Dated: September 15, 2009**
**Central Islip, New York**




**Alan S. Trust**
**United States Bankruptcy Judge**